# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINIA BURL** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-12092** |
| **EMBRACE HOME LOANS, INC. ET AL.** | **SECTION I** |

## ORDER & REASONS

*Pro se* plaintiff Linia Burl ("Burl") filed this lawsuit seeking damages as well as a permanent injunction, permanent restraining order, and permanent stay of the sheriff's foreclosure sale of her home. Named as one of several defendants is Timothy Kirkpatrick ("Kirkpatrick"), who previously represented Burl in bankruptcy proceedings.[1] Because Burl's complaint contains no facts supporting any allegations of wrongful conduct by Kirkpatrick, the Court grants Kirkpatrick's uncontested motion to dismiss.[2]

## I.

### A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a district court to dismiss a complaint, or any part of it when a plaintiff has not set forth well-pleaded factual allegations that would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A

---

[1] R. Doc. No. 26-1, at 2.
[2] Kirkpatrick's motion was filed on February 1, 2018 and set for submission on February 21, 2018. Accordingly, Burl's response to the motion was due by February 13, 2018. *See* Local Rule 7.5. To date, no response has been filed, and no extension has been requested. The motion is, therefore, unopposed.

plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

In assessing the complaint, the Court must accept all well-pleaded factual allegations as true and liberally construe all such allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Where "the complaint 'on its face show[s] a bar to relief,'" then dismissal is the appropriate course. *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

**B.**

"A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Accordingly, the Court "hold[s] *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Nevertheless, "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Id.* "Even a *pro se* complaint must contain specific facts supporting its conclusions." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

## II.

Kirkpatrick argues that Burl has failed to plead any allegations that state a viable claim against him. The Court agrees. Kirkpatrick is mentioned twice in Burl's voluminous amended complaint. Specifically, the amended complaint states:

> OTHER FEDERAL LAW VIOLATIONS: BERKELEY LAW RECEIPTS AND PROOFS OF PAYMENTS, SEE CIVIL DISTRICT COURT FOR PARISH OF ORLEANS EXHIBIT LIST, HANDWRITTEN PAPER DATED 8/11/2017 AND EXHIBITS VIOLATION ADCOCK'S OFFICE, EMBRACE HOME LOANS AND ROUNDPOINT MORTGAGE SERVICING CORPORATION, VOLKS ANWALT AND ATTORNEY TIMOTHY KIRKPATRICK.[3]

> TAXPAYER'S BILL OF RIGHTS #3 THE RIGHT TO PAY NO MORE THAN THE CORRECT AMOUNT OF TAX. VIOLATION ATTORNEY HERSCHEL ADCOCK'S OFFICE, EMBRACE HOME LOANS, ROUNDPOINT MORTGAGE SERVICING CORPORATION, ATTORNEY VOLKS ANWALT AND ATTORNEY TIMOTHY KIRKPATRICK.[4]

---

[3] R. Doc. No. 18, at 12.
[4] *Id.*

3

Even liberally construed, these indecipherable allegations are entirely devoid of factual support. They offer no details that might allow the Court to infer that Kirkpatrick somehow wronged Burl. Accordingly, Burl has failed to meet her pleading burden, and any claims against Kirkpatrick must be dismissed. *Cf. Jones v. Cameron Creek Apartments*, 24 F.3d 239, 239 (5th Cir. 1994) ("All litigants, including *pro se* litigants, must allege facts which, if true, would constitute a legally cognizable wrong.").

IV.

For the foregoing reasons,

**IT IS ORDERED** that Kirkpatrick's motion to dismiss is **GRANTED** and that all claims asserted against him in the above-captioned matter are **DISMISSED**.

New Orleans, Louisiana, February 21, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**